The Honorable Lisa Ferrell State Representative 702 North Van Buren Little Rock, Arkansas 72205
This is in response to your request for an opinion concerning Act 1010 of 1995 (codified at A.C.A. § 26-3-309 (Supp. 1995), which exempts the purchase of fire protection equipment and emergency equipment by volunteer fire departments from the "Arkansas Gross Receipts Tax" (see A.C.A. §§26-52-101 to 26-52-1507) and all other state, local and county sales and use taxes. Your question is whether the continuous repair of volunteer fire department equipment is also exempted from tax.
It is my opinion that the answer to this question is "no," sales tax is due and chargeable on the repair of such equipment.
The relevant provision of Act 1010, codified at A.C.A. § 26-3-309, provides as follows:
 The gross receipts or gross proceeds derived from purchases of fire protection equipment and emergency equipment to be owned by and exclusively used by volunteer fire departments are hereafter exempt from the taxes levied under the Arkansas Gross Receipts Act of 1941, § 26-52-101 et. seq., the Arkansas Compensating Tax Act of 1949, § 26-53-101 et seq., and all other state, local, and county sales and use taxes.
As can be seen from the language above, this exemption applies only to "purchases" of "equipment." The statute does not mention or exempt the service or "repair" of such equipment from the sales tax. Neither does the Arkansas Gross Receipts tax act itself. That act, the relevant portion of which is codified at A.C.A. § 26-52-301(3)(C)(i) (Supp. 1995), applies the state gross receipts tax to:
 Service of alteration, addition, cleaning, refinishing, replacements, and repair of motor vehicles, aircraft, farm machinery and implements, motors of all kinds, tires and batteries, boats, electrical appliances and devices, furniture, rugs, upholstery, household appliances, television and radio, jewelry, watches and clocks, engineering instruments, medical and surgical instruments, machinery of all kinds, bicycles, office machines and equipment, shoes, tin and sheetmetal, mechanical tools, and shop equipment.
It thus appears that A.C.A. § 26-52-302(3)(C)(i) applies the sales tax to repair of fire protection equipment, and in my opinion, as noted above, Act 1010 of 1995 does not exempt the repair as opposed to the purchase,
of such equipment from the tax. Local sales and use taxes are chargeable against the same items covered by the state Gross Receipts Act. See
A.C.A. §§ 26-75-212 and 26-75-312 (cities) and A.C.A. §§ 26-74-209,26-74-309, and 26-74-404 (counties). It is therefore my opinion that the repair of such equipment is subject to such taxes.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh